IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| POLAR ELECTRO OY,<br><br>     Plaintiff,<br><br>v.<br><br>SUUNTO OY, AMER SPORTS WINTER & OUTDOOR d/b/a/ SUUNTO USA, and FIRSTBEAT TECHNOLOGIES OY,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER RE: AMENDING INFRINGEMENT CONTENTIONS<br><br><br>Case No. 1:17-cv-0139 CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

Plaintiff Polar Electro Oy ("Polar") asserts that Firstbeat Technologies Oy ("Firstbeat") has infringed its '227 patent. Firstbeat has denied liability, in part, on the ground that the '227 patent is invalid. Following the conclusion of claim construction, Firstbeat moved to amend its invalidity contentions based on how two terms were construed. Polar opposes one of the amendments on the ground that it is untimely. Polar is correct that one of the proposed amendments is untimely. Nevertheless, because Polar has failed to show prejudice, and good cause exists to amend, the court grants Firstbeat's motion.

## BACKGROUND AND ANALYSIS

On December 11, 2019, the court issued a memorandum decision construing certain terms of the '227 patent, including the term "a maximal oxygen uptake." *See* Mem. Dec., at

10–15 (ECF No. 394).[1] It reserved ruling, however, on the meaning of "calculating unit for calculating" until after it received expert evidence. *Id.* at 19. On August 11, 2020, the court construed the last term.[2] *See generally* Mem. Dec. (ECF No. 407). Firstbeat now seeks leave to amend its invalidity contentions based on how the court construed these two terms.

A.  **Calculating Unit for Calculating**

On August 25, 2020, Firstbeat moved to add the contention that "calculating unit for calculating" is invalid because it is "not enabled and or fail[s] to meet the written description requirement of Section 112." Proposed Amended Invalidity Contentions, at 8 (ECF No. 408). Polar does not oppose the amendment because, pursuant to Local Patent Rule ("LPR") 3.4, Firstbeat moved to amend within fourteen days after the court construed the term. *See* Opp'n to Mot. to Amend, at 2 (ECF No. 409). Thus, good cause exists to amend, and the proposed amendment is timely and without prejudice to Polar.

B.  **A Maximal Oxygen Uptake**

Firstbeat also seeks to add a prior art reference to some of its invalidity contentions. In January 2018, Firstbeat served its final invalidity contentions on Polar. It listed a number of prior art references that allegedly "anticipate[d] and/or render[ed] obvious one or more of the asserted claims of the '227 Patent under 35 U.S.C. §§ 102 and/or 103." Proposed Amended Contentions, at 12, 15 (ECF No. 409-1). One prior art reference was "Printed Publication to

---

[1]  When the court cites to a page number in the record, it refers to the ECF number at the top of the page and not to page numbering at the bottom of a page.

[2]  Firstbeat asserts "the Court did not adopt either party's proposed construction of the term 'calculating unit for calculating.'" Mot. for Leave to Amend, at 4 (ECF No. 408). This is incorrect. On May 30, 2019, Polar proposed the same construction in supplemental briefing. *See* Polar Supp. Brief, at 10 (ECF No. 369) (stating if the term needed construction it should be

Howley et al. ("Howley"), Criteria for maximal oxygen uptake: review and commentary, Med. Sci. Sports Exerc., Vol. 27, No. 9, pp 1292–1301, 1995." *Id.* at 15.  Firstbeat only identified the publication; it did not provide notice about how Howley may apply.

Firstbeat now seeks to add Howley to its "Claim Charts Detailing Invalidity of the Asserted Claims." *Id.* at 17.  It does so based on how the court construed the term "a maximal oxygen uptake." *See id.* at 18–35 (referencing Howley in proposed claim charts to show maximal oxygen uptake, as defined, was allegedly disclosed in prior art).  Polar opposes the amendment on the grounds that it is untimely and prejudicial.

On September 30, 2019, the court set the following schedule:

| **Event** | **Deadline** |
|---|---|
| . . . . | |
| Initial Expert Witness Disclosure for Party Bearing Burden of Proof | Within **35 days** of Entry of Claim Construction Order |
| Rebuttal Expert Witness Disclosures for Party Bearing Burden of Proof | Within **70 days** of Entry of Claim Construction Order |
| Last day for Expert Witness Depositions | Within **130 days** of Entry of Claim Construction Order |
| Summary Judgment Motions on Non-LPR 6.2 Matters | Within **151** days of Entry of Claim Construction Order |

Order re: Scheduling Matters, at 4–5 (ECF No. 386).

As stated above, when the court issued its December 11, 2019 memorandum decision, it reserved ruling on one claim term.  Because claim construction had not fully concluded, the court informed the parties that "the deadlines for other expert discovery and non-LPR 6.2

---

defined as "a computer or electronic component, configured to calculate").

summary judgment motions are not triggered." Mem. Dec., at 20 (ECF No. 394).

Firstbeat contends this stayed "all deadlines . . . until the final claim construction Order issued on August [11], 2020." Reply Memo. in Supp., at 4–5 (ECF No. 412). In particular, Firstbeat contends the court stayed the deadlines under LPR 3.4. *See id.* (stating Firstbeat's understanding that LPR 3.4 was not triggered until the last term was construed). Section 3.4 of the Local Patent Rules states:

> A party may amend its Final Infringement Contentions; or Final Non-infringement, or Unenforceability and Invalidity Contentions only by order of the court upon a showing of good cause and absence of unfair prejudice to opposing parties, *made no later than 14 days of the discovery of the basis for the amendment.* An example of a circumstance that may support a finding of good cause, absent undue prejudice to the non-moving party, includes a claim construction by the court different from that proposed by the party seeking amendment.
>
> The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

LPR 3.4 (emphasis added). Although the court stayed the deadlines for expert discovery and non-LPR 6.2 summary judgment motions, it did not toll the fourteen-day deadline for seeking amendment of invalidity contentions. Moreover, Firstbeat did not request that the deadline be extended or stayed until the court issued its ruling on the last claim term.[3] Firstbeat had fourteen days from December 11, 2019 to seek amendment. It waited eight months. Accordingly, its request is untimely.

---

[3] Such a request for extension would have been well-taken because it would have avoided piecemeal motions to amend.

C.  **Good Cause**

Although Firstbeat's request to add a prior art reference is untimely, LPR 3.4 expressly notes that good cause may exist to amend when "claim construction by the court [is] different from that proposed by the party seeking amendment." The court construed "a maximal oxygen uptake" differently than Firstbeat proposed. Thus, good cause exists to allow amendment.

D.  **Prejudice**

The final factor for consideration is whether Polar would be unduly prejudiced by the amendment. Polar notes that the "fourteen-day deadline for amendments" exists "for good reason—to ensure that parties do not unfairly prejudice the other side by delaying amendments and limiting their ability to respond to amendments later in the case." Opp'n to Mot., at 3 (ECF No. 409).

"'[A]n amendment may be prejudicial if its timing prevents [a party] from pursuing a potentially promising line of defense.'" *Corel Software, LLC v. Microsoft Corp.*, Case No. 2:15-cv-528, 2018 U.S. Dist. LEXIS 189832, at *9 (D. Utah Nov. 5, 2018) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1209 (10th Cir. 2006)). Claim construction "occurs at a later stage in the litigation." *Id.* at *8 (citation omitted). And yet, LPR 3.4 contemplates allowing amendments to invalidity contentions within fourteen days of construction. This is so because expert discovery follows claim construction, and the parties may address amended contentions at that time. *See* LPR 5.1.

Polar asserts it "has been diligently working with experts to respond to Firstbeat's invalidity arguments," and that this late amendment "limits Polar's ability to respond." Opp'n to Mot., at 3 (ECF No. 409). Polar, however, does not explain how this late amendment limits

Polar's ability to respond.

Moreover, during a hearing on February 11, 2021 in this matter, Firstbeat correctly pointed out that even if it had provided notice about Howley in December 2019, it would not have altered the course of expert discovery. The court tolled the deadlines for expert discovery until after it concluded all claim construction on August 11, 2020. Firstbeat put Polar on notice by August 25, 2020 about how Howley allegedly applies. This means Polar was on notice about the proposed amendment throughout most of the time period for expert discovery. Additionally, expert witness depositions are ongoing based on the latest amended scheduling order. *See* Order, at 1 (ECF No. 419). Polar has therefore failed to show how it will be unfairly prejudiced by Firstbeat's late motion to add a prior art reference.[4]

## **CONCLUSION**

The above factors weigh in favor of Firstbeat. For this reason, the court GRANTS Firstbeat's Motion for Leave to Amend Invalidity Contentions (ECF No. 408).[5]

DATED this 16th day of February, 2021.

BY THE COURT:

_/s/ Clark Waddoups_
Clark Waddoups
United States District Judge

---

[4] During the February 11th hearing, Polar argued for the first time that Firstbeat's proposed amendment was actually an effort to alter what happened during a reexamination of the '227 patent. Besides raising the argument late, the court concludes the argument goes to the merits of the case and not to the issue of undue prejudice.

[5] Firstbeat's invalidity contentions are amended as set forth in ECF No. 408-1, with reference to ECF No. 409-1 to show the particular changes.